Case 2:23-cv-00055 Document 18 Filed on 08/21/23 in TXSD Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
August 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JAMES DEAN WILSON, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00055 |
| § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, *et al.*, § | |
| § | |
| Respondents. § | |

## **MEMORANDUM AND RECOMMENDATION**

Petitioner, James Dean Wilson, is a state prisoner incarcerated at the McConnell Unit in Beeville, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. However, the undersigned finds it is more appropriately filed pursuant to 28 U.S.C. § 2254.[1]

Pending is Respondent's Motion for Summary Judgment to which Petitioner has responded. (D.E. 9 and D.E. 10). For the reasons stated below, it is respectfully

---

[1]While Petitioner filed this case under § 2241, his petition should be construed as one under § 2254 because he is a state prisoner who is challenging the length of sentence. While Petitioner claims is challenging the TDCJ's calculation of his sentence, his arguments instead attack Texas laws and challenge the validity of the forfeiture of his street time credit. State prisoners' claims for restoration of sentence credit that would result "in their immediate or sooner release from prison [if valid] fall under § 2254." *Malachi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (Petitioner seeking restoration of good time credit earning status); *Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002) (same); *Dotie v. Stephens*, No. 3:14-cv-1922-L, 2014 WL 5822629, at *1 (N.D. Tex. Nov. 6, 2014). Accordingly, this petition is construed as arising under § 2254. The undersigned notes Respondent appropriately considered the petition as filed pursuant to § 2254, albeit without explanation. (D.E. 9, Page 1).

recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 9) and **DISMISS** this case as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction is proper in this Court because Petitioner is incarcerated at the McConnell Unit in Beeville, Texas, which is within the Southern District of Texas. 28 U.S.C. § 124(b)(6); 28 U.S.C. § 2241(d); *Wadsworth*, 235 F.3d at 961. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II. BACKGROUND

Petitioner was found guilty of murder after a plea bargain agreement in the 175th District Court of Bexar County, Texas, and was sentenced to 60 years' incarceration on January 28, 1986. (D.E. 8-3, Pages 64-65). Petitioner was released to mandatory supervision on March 24, 2006. (D.E. 8-3, Page 71). This release was revoked on February 23, 2017 and Petitioner forfeited eight years, 11 months and 15 days of street time credit[2]

---

[2] "Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision." *Ex parte Spann*, 132 S.W.3d, 392 n.2 (Tex. Crim. App. 2004).

toward his sentence. Tex. Gov't Code § 508.149(a)(2), 508.283(b);³ (D.E. 1-2, Page 4; D.E. 8-3, Pages 71 and 75).

Over two years after his supervision was revoked, on September 16, 2019, Petitioner submitted a time dispute resolution form ("TDR") to TDCJ asserting he was entitled to the forfeited credit, specifically the time he was released to mandatory supervision. (D.E. 1-2, Page 7; D.E. 8-3, Pages 72-73). On January 29, 2020, Petitioner was advised he would not receive credit for this period pursuant to Texas law. (D.E. 1-2, Pages 1-2 and D.E. 8-3, Pages 72-73). After another two years had passed, on February 7, 2022, Petitioner filed a state habeas application challenging the denial of this credit. (D.E. 8-3, Page 19). On October 26, 2022, the Texas Court of Criminal Appeals denied Petitioner's application without written order on the findings of the trial court without a hearing and on the Court's independent review of the record. (D.E. 1-2, Pages 6-16 and D.E. 8-2). Just over three months later, Petitioner filed this case on February 13, 2023. (D.E. 1, Page 8).⁴

---

³Under Texas Government Code § 508.283(b), "[i]f the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation." Petitioner is "a person described by Section 508.149(a)" because of his conviction for murder. Tex. Gov't Code 508.149(a).

⁴*Spotville v. Cain*, 149 F.3d 374, 376, 378 (5th Cir. 1998) ("[A] habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

### III. APPLICABLE LEGAL STANDARDS

#### A. Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment procedure, applies with equal force to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…"). However, Rule 56 applies only to the extent that it does not conflict with the federal rules governing habeas proceedings. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004). Accordingly, § 2254(e)(1), mandating that a state court's findings are presumed to be correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. *Smith*, 311 F.3d at 668. Unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. § 2254(e)(1); *Id*.

**B. Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. §2254**

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an

unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, U.S. 362 at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. If a decision by a state court is silent as to the reasons for the denial, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).[5] Then, the federal habeas court must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Harrington*, 131 S. Ct. at 786. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

This standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no

---

[5] The TCCA has explained a "denial" signifies the Court addressed and rejected the merits of a particular claim while a "dismissal" means the Court has declined to consider the claim for reasons unrelated to the claim's merits. *Bledsue*, 188 F.3d at 257 (citing *Ex parte Thomas,* 953 S.W.2d 286, 289 (Tex. Crim. App. 1997)).

possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Harrington*, 131 S. Ct. at 786. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 786-787.

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id*. In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784.

## IV.  DISCUSSION

Respondent asserts Petitioner's claims should be summarily dismissed as time barred. The undersigned agrees. These claims are not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

(A)  the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner properly files for state post-conviction writ review.  28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")  Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

      Petitioner's claims all challenge the duration of his sentence after his street time credit was forfeited upon the revocation of his release to mandatory supervision on February 23, 2017.  Petitioner argues he is entitled to the street time credit that was forfeited as a result of the revocation.  Under these circumstances, the one-year statute of limitations for federal habeas review began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence."  28 U.S.C. § 2244(d)(1)(D).  Therefore, Petitioner's federal limitations period began on February 23, 2017, the date his parole was revoked.  He could have discovered, through the exercise of due diligence, that his street time credited was forfeited.  *Casey v. Davis*, No. 3:18-cv-130, 2019 WL 4034317, at *5 (S.D. Tex. Aug. 27, 2019) (One year limitation period began when petitioner's parole was revoked and he was denied street time credit); *Reed v. Thaler*, No. H-11-4365, 2012 WL 1952420, at *3 (S.D. Tex. May 30, 2012)

(Where § 2254 petitioner was challenging the revocation of his street time credit, the limitations period commenced the date his parole was revoked); *Sanford v. Thaler*, 481 F. App'x 202, 203 (5th Cir. 2012) (Factual predicate for petitioner's claims was discoverable the date his parole was revoked and therefore, limitations commenced on that day). Therefore, Petitioner had until February 23, 2018 to file a federal petition challenging his conviction. Neither his TDR filed on September 16, 2019 or his state habeas petition filed on February 7, 2022, tolled the limitation period because they were both filed after the limitation period had already expired. *Stone v. Thaler*, 614 F.3d 136, 138-39 (5th Cir. 2010); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Guzman v. Davis*, 4:17-cv-1708, 2018 WL 723913, at *3 (S.D. Tex. Feb. 2, 2018). Accordingly, Petitioner's pending federal habeas petition filed on February 13, 2023, almost five years later, is clearly untimely.

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, 791 F. App'x 441, 443 (5th Cir. 2019). A petitioner is entitled to tolling if he shows he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *Palacios v. Stephens*, 723 F.3d 600, 604 (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro*

*v. Cockrell*, 294 F.3d 674, 682-83 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citations omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citation omitted).

Petitioner does not allege any sufficient reasons to suggest tolling applies. Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner also did not diligently pursue his rights, delaying almost 5 years past the deadline to pursue his federal habeas remedy. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's case should be dismissed as time barred.

The undersigned does note that under Texas law, eligibility for street-time credit is determined by the statute in effect at the time of revocation. *Archie v. Davis*, No. 4:16-cv-2204, 2017 WL 6761926, at *8 (S.D. Tex. Sept. 28, 2017) (citing *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009)). Petitioner incorrectly assumes that the statute relevant to parole or mandatory supervision revocation is the one in effect at the time of his conviction in 1986. Rather, it is the law in effect at the time of his revocation in 2017. *Id*. at *8 (Denying Petitioner's claims of ex post facto and due process violations related to

his 1989 conviction and the automatic forfeiture of his sentence credit pursuant to § 508.283 after his 2015 parole revocation).  Prior to September 2001, Texas Government Code § 508.283 made forfeiture of street-time credit an automatic consequence of any conditional release revocation, whether an offender was on parole or mandatory supervision.  *Id*.  It was amended in 2001 to apply to only certain violent offenders, including those, like Petitioner, convicted of murder.  Tex. Gov't Code. §§ 508.283(b) and 508.149(a) (Specifically excluding certain offenders from receiving credit for the portion of time they spent on parole or mandatory supervision if conditional release is revoked).  Therefore, even if the Court were to reach the merits of Petitioner's claims, he is not entitled to credit against his sentence for the forfeited street time.  *Rhodes v. Thaler*, 713 F.3d 264, 267 (5th Cir. 2013) (Petitioner was not entitled to federal habeas relief "[b]ecause he had no protected liberty interest in the street-time credit he claims to have accrued [and] his due-process right was not violated," as the controlling law in effect at the time of his revocation, Tex. Gov't Code § 508.283, made it clear he was not entitled to street-time credit after revocation given the nature of his offense); *Flores v. Davis*, No. H-16-2306, 2016 WL 6652748, at *3 (S.D. Tex. Nov. 9, 2016) (same); *Kretzer v. Lumpkin*, No. SA-21-CV-81-DAE, 2022 WL 11455944, at *2-6 (W.D. Tex. Oct. 19, 2022) (same).  Further, the state habeas court reached the same determination.  (D.E. 1-2, Pages 6-16 and D.E. 8-2).  Petitioner has not demonstrated that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based

on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Richter*, 526 U.S. at 98.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the Court find a COA be denied because he has not made the necessary showing for issuance.

## VI. RECOMMENDATION

The undersigned **RECOMMENDS** the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 9) and **DISMISS** this action as time barred. The undersigned further **RECOMMENDS** the Court **DENY** a Certificate of Appealability.

ORDERED on August 21, 2023.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).